# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL ACTION NO. |
| v. : | 1:03-CR-0109-JOF |
| : | |
| RONALD MONROE LOTT, : | CIVIL ACTION NO. |
| : | 1:08-CV-3635-JOF |
| Defendant. : | |

## OPINION AND ORDER

The instant motion is before the court on Petitioner Ronald Monroe Lott's Pro Se Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [328].

On November 4, 2003, a jury convicted Petitioner of controlled substance offenses in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(b)(1)(A)(iii), 841(b)(1)(B)(iii) and 851 and money laundering and bank fraud in violation of 18 U.S.C. § 1956. Using the 2003 USSG, the court calculated the base offense level for the drug offenses at 38 under section 2D1.1(c). The 38 offense level was based on the court's finding that Petitioner possessed 76.56 kilograms of cocaine base. The court added two levels for possession of a firearm and four points for Petitioner's role in the offense for a total offense level of 44. The applicable guideline range for a criminal history category of 1 and an offense level greater than or equal to 43 is life. The total offense level for Petitioner's money laundering conviction was 40. The applicable guideline range for a criminal history category of 1 and an offense level of

40 is 292-365 months. Pursuant to section 3D1.3(a), the court took the higher offense level of the two. The court sentenced Petitioner to 240 months on each of his eight counts to run concurrently. On December 12, 2007, the Eleventh Circuit addressed whether there was sufficient evidence to convict Petitioner and affirmed Petitioner's conviction and sentence. Petitioner filed a Pro Se Motion to Reduce Sentence Regarding Crack Cocaine Offense in July 2008 which the court denied.

Petitioner filed the instant Motion requesting post conviction relief on November 24, 2008. Petitioner contends that his trial counsel was ineffective because he failed to object to the fact that Petitioner's sentence was based on a drug quantity not detailed in the indictment or found by the jury beyond a reasonable doubt. Petitioner's indictment charges him with possession of at least 210 grams of cocaine base or crack while Petitioner's sentence was based upon the possession of more than 4.5 kilograms or 4,500 grams of cocaine base. Petitioner contends that his base offense level for the cocaine charges should have been calculated as 32 based on the 210 grams of crack cocaine charged in the indictment rather than 38 based on the sentencing court's determination that he possessed more than 4.5 kilograms of cocaine base.

In order to prove ineffective assistance of counsel, a Petitioner must show (1) that his counsel's performance was deficient, or "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance"; and (2)

2

he was prejudiced by the deficiency, or "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687-94 (1984). First, Petitioner cannot show that his counsel was deficient in failing to object. Petitioner concedes in another pleading that (1) his counsel objected to Petitioner being held accountable for 76.56 kilograms of cocaine base not found by the jury, and (2) the court overruled that objection. (Reply [326], ¶¶ 7-8). Second, even if Petitioner were to show that his counsel was deficient, Petitioner cannot show that there is a reasonable probability that had his counsel more strenuously objected to the 76.45 kilograms, Petitioner would have received a lower sentence. Petitioner had an offense level of 40 with a guideline range of 292-365 months for the money laundering count irrespective of the drug count. The court sentenced Petitioner to 240 months on the money laundering and bank fraud count alone.

Petitioner's Pro Se Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [328] is DENIED.

**IT IS SO ORDERED** this 14th day of April 2009.

s/ J. Owen Forrester
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)