**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.   : | CRIMINAL ACTION NO. |
| : | 1:03-CR-0109-JOF |
| RONALD MONROE LOTT, : | |
| Defendant. : | |

**OPINION AND ORDER**

This matter is before the court on Petitioner's motion for a certificate of appealability [331].

On November 4, 2003, a jury convicted Petitioner of controlled substance offenses in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(b)(1)(A)(iii), 841(b)(1)(B)(iii) and 851 and money laundering and bank fraud in violation of 18 U.S.C. § 1956. Using the 2003 Sentencing Guidelines, the court calculated the base offense level for the drug offenses at 38 under § 2D1.1(c). The 38 offense level was based on the court's finding that Petitioner possessed 76.56 kilograms of cocaine base. The court added two levels for possession of a firearm and four points for Petitioner's role in the offense for a total offense level of 44. The applicable guideline range for a criminal history category of 1 and an offense level greater than or equal to 43 is life. The total offense level for Petitioner's money laundering

conviction was 40. The applicable guideline range for a criminal history category of 1 and an offense level of 40 is 292-365 months. Pursuant to section 3D1.3(a), the court took the higher offense level of the two. The court then sentenced Petitioner to 240 months' imprisonment on each of his eight counts to run concurrently. The United States Court of Appeals for the Eleventh Circuit affirmed Petitioner's conviction on December 11, 2007, finding there was sufficient evidence to sustain Petitioner's money laundering conspiracy conviction.

Petitioner raised only one ground for relief in his § 2255 motion – ineffective assistance of counsel for failure of his counsel to object to Petitioner's base offense level calculation of 76.56 kilograms of crack cocaine because it was not charged in the indictment or submitted to the jury. In the court's order denying Petitioner's § 2255 motion, the court noted that Petitioner's counsel had indeed objected to the court's calculation of quantity, but the court overruled that objection. The court further noted that even if his counsel's performance had been deficient, Petitioner could not show prejudice because Petitioner's guideline range on the money laundering convictions alone was 292-365 months. Thus, even if his counsel had succeeded on the drug quantity objection, Petitioner could not show he would have received a sentence lower than 240 months' imprisonment.

Petitioner states he will argue on appeal that: his Fifth Amendment due process rights were violated; he was denied his Sixth Amendment right to effective assistance of

2

counsel; his base offense level was erroneously calculated; and the district court did not consider § 3553(a)(6) when considering unwarranted sentencing disparity.

The Eleventh Circuit has set forth the following instructions when considering a certificate of appealability:

> In *Slack*, the Supreme Court clearly laid out the tests that courts should apply in deciding whether to grant a COA, both as to claims disposed of by the district court on the merits and those disposed of on procedural grounds. "Where a district court has rejected the constitutional claims on the merits, . . . [t]he petitioner [seeking a COA] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604. Where a district court has disposed of claims raised in a habeas petition on procedural grounds, a COA will be granted only if the court concludes that "jurists of reason" would find it debatable both "whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Franklin*, 215 F.3d at 1199 (quoting *Slack*, 529 U.S. at 483, 120 S. Ct. at 1604).

*Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001). Having reviewed Petitioner's claims, the court determines that Petitioner has not demonstrated that the issues are debatable among reasonable jurists; that a court *could* resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. Accordingly, the court DENIES Petitioner's motion for a certificate of appealability [331].

**IT IS SO ORDERED** this 28th day of July 2009.

3

s/ J. Owen Forrester
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)